IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARIES D. CRUDUP, | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-06-2329 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| TROY WILLIAMSON, | : | |
| | : | |
| Respondent. | : | |

**MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by petitioner Aries Crudup ("Crudup"), an inmate currently incarcerated at the Federal Correctional Institution at McKean in Lewis Run, Pennsylvania.[1]  Crudup is challenging the Bureau of Prisons' ("BOP") calculation of his federal sentence.  For the reasons that follow, the petition will be denied.

**I.    Statement of Facts**

Following his arrest by Rhode Island local authorities on state drug charges, on May 8, 2002, Crudup was sentenced in state court as a probation violator to a term of imprisonment of 103 months.  (Doc. 7-2 at 3.)  On July 25, 2002, Crudup was produced from Rhode Island state custody pursuant to a federal writ of habeas corpus *ad prosequendum* to answer to an unrelated charge of possession of a firearm by a convicted felon, see 18 U.S.C. § 922(g)(1), in the United States District Court for the District of Rhode Island.  (Id.)

---

[1] At the time Crudup filed the instant petition, he was incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania.

Crudup was sentenced on May 2, 2003. (Doc. 7-2 at 6.) At the hearing, the court determined a guideline range of 84 to 105 months. (Doc. 10 at 4-5.) Prior to the imposition of sentencing the court made the following statements when discussing with the parties whether to impose a consecutive or concurrent sentence:

> [Note 6 of section 5G1.3 of the United States Sentencing Guidelines ("U.S.S.G.")] is about the only clear thing, I guess, in 5G, but Note 6 seems to address this specific situation [of whether to impose a consecutive or concurrent sentence]. There's no question that Mr. Crudup would be entitled to credit for some of the time that he has been held in Federal custody; that, obviously, will be credited towards whatever sentence this Court imposes, but as far as the sentence for the State Court violation, I think Note 6 specifically addresses that. It says that the sentence here should be consecutive to the sentence for the violation, and there's a very good reason for that. The reason is that the sentence, the State sentence that Mr. Crudup is presently serving, is not based on the incident for which he is being prosecuted here.

(Id. at 14-15.) In imposing sentence, the court stated as follows:

> I hereby commit you to the custody of the Bureau of Prisons for a period of 84 months, which is the lowest sentence under the range, and that sentence will be consecutive to the sentence that you're presently serving on the State charge, except that you shall receive credit for the time that you have been in Federal custody, and the Bureau of Prisons has to calculate what that is, the Court doesn't make that calculation.

(Id. at 17-18.) The Judgment and Commitment forms reflect the total term of imprisonment of 84 months, to be served consecutively to the state sentence, and states, "The Court recommends that the defendant receive credit for time in federal custody." (Doc. 7-2 at 7.)

2

At the conclusion of his sentencing hearing, Crudup was returned to the custody of the State of Rhode Island. (Id. at 3.) At that time Crudup received credit toward his state sentence for the time period in which federal authorities had assumed secondary custody, July 25, 2002, through May 2, 2003. Thus, under 18 U.S.C. § 3585(b), Crudup was not entitled to receive credit toward his federal sentence for this time period.

He was paroled from the state charges on September 21, 2005, at which time federal authorities assumed primary custody. (Doc. 7-2 at 4.) Pursuant to 18 U.S.C. § 3585(a), the consecutive federal sentence commenced on the day Crudup was paroled from his state charges. (Doc. 7-2 at 3.)

Crudup filed the instant petition for writ of habeas corpus pursuant to 18 U.S.C. § 2241 on December 5, 2006. (Doc. 1.) On December 11, 2006, an order to show cause was issued, directing respondent to reply to Crudup's petition. (Doc. 5.) The matter is now ripe for disposition.

**II.     Discussion**

A petition for writ of habeas corpus under § 2241 is the proper vehicle for relief "where petitioner challenges the effect of events 'subsequent' to his sentence," Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976), and where he challenges the execution of his sentence rather than its validity, see United States v. Addonizio, 442 U.S. 178, 185-88 (1979); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Thus, Crudup has properly invoked section 2241 to challenge the determination of sentencing credit by the BOP and has done so in the proper

3

district, where he was imprisoned at the time he filed the instant petition. Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).

The Attorney General is responsible for computing federal sentences for all offenses committed after November 1, 1987, United States v. Wilson, 503 U.S. 329, 331-32 (1992), 18 U.S.C. § 3585, and the Attorney General has delegated this authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992). Computation of a federal sentence is governed by 18 U.S.C. § 3585, and consists of the following two-step process: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which petitioner may be entitled. Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa. 1996).

Section 3585(a) provides that a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A federal sentence does not begin to run when a defendant is taken into federal custody from state custody pursuant to a writ of habeas corpus *ad prosequendum*. Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002); Chambers, 920 F. Supp. at 622. This is because the state remains the primary custodian in those circumstances.[2]

---

[2] The jurisdiction which first arrests an offender has primary jurisdiction over the offender until that sovereign relinquishes it to another jurisdiction by, for example, bail release, dismissal of the state charges, parole release or the expiration of the state sentence. See Taylor v. Reno, 164 F.3d 440, 444 (9th Cir. 1998); Chambers, 920 F. Supp. at 622.

A determination of whether credit is warranted for time spent in custody prior to the commencement of a federal sentence is governed by 18 U.S.C. § 3585(b). This section provides the following:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Id. Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence. See also Chambers, 920 F. Supp. at 622. "Congress made clear that a defendant could not receive a double credit for his detention time." Wilson, 503 U.S. at 337. Crudup claims that he is not seeking credit under 18 U.S.C. § 3585(b). (See Doc. 9 at 2.)

Rather, Crudup argues that the sentencing court's reference to "credit for time in federal custody" reflected its intent to adjust his federal sentence under section 5G1.3(c) of the United States Sentencing Guidelines ("U.S.S.G.") for the time he was in federal custody before the imposition of his federal sentence. He contends that oral statements made by the judge during sentencing amounted to court directives that he receive such credit. Respondent contends, however, that the sentencing court did not grant a § 5G1.3(c) adjustment and that the period

5

Crudup spent in federal secondary custody pursuant to the federal writ of habeas corpus *ad prosequendum* could not be credited toward his federal sentence. The court agrees with respondent.

A sentencing court's authority under § 5G1.3(c) to "adjust" a sentence is distinct from the BOP's authority under 18 U.S.C. § 3585(b) to "credit" a sentence, even though the benefit to the defendant may be the same. Ruggiano v. Reish, 307 F.3d 121, 131-33 (3d Cir. 2002). In Ruggiano, the court held that in imposing a sentence, a district court may grant an "adjustment" for time served on a pre-existing sentence pursuant to U.S.S.G. § 5G1.3(c).[3] Id. To determine the credit intended, "the appropriate starting point is to ascertain the meaning that we should ascribe to the sentencing court's directives." Rios v. Wiley, 201 F.3d 257, 264 (3d Cir. 2000).[4] When there is an ambiguity between the oral pronouncement of

---

[3] Notably, application note 3(E) to U.S.S.G. § 5G1.3 (U.S. Sentencing Guidelines Manual § 5G1.3 cmt. n.3(E) (2003)) appears to conflict with the holding in Ruggiano. The note provides that "subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on an undischarged term of imprisonment." Although credit may be given in extraordinary circumstances for time served on a pre-existing sentence, the credit is properly deemed a downward departure and not an adjustment. Notwithstanding this note, Ruggiano remains the controlling precedent. While the Third Circuit Court of Appeals has addressed the effect of note 3(E) on the Ruggiano holding, and has found that the note abrogated Ruggiano, it has not done so in a "Precedential" opinion. See United States v. Destio, 153 F. App'x 888, 893-94 (3d Cir. 2005).

[4] In Rios, the Third Circuit considered the application of § 5G1.3 prior to its amendment, effective November 1, 1996, in a situation in which a court sentenced a defendant already subject to an undischarged term of imprisonment for a separate offense. 201 F.3d at 260.

6

sentence and the written sentence, the court may recognize that the oral sentence "often consists of spontaneous remarks" that are "addressed primarily to the case at hand and are unlikely to be a perfect or complete statement of the surrounding law." Ruggiano, 307 F.3d at 133 (quoting Rios, 201 F.3d at 268). It is therefore essential to consider the context in which the statement is made. Ruggiano, 307 F.3d at 134.

In the instant case, at the sentencing hearing the court stated that Crudup would be entitled to receive credit for the time he had been in federal custody prior to the imposition of the federal sentence. More specifically, the court stated that the "sentence will be consecutive to the sentence that you're presently serving on the State charge, except that you shall receive credit for the time that you have been in Federal custody, and the Bureau of Prisons has to calculate what that is, the Court doesn't make that calculation." (Doc. 10 at 18.) While the court contemplated § 5G1.3(c) in its decision to have the federal and state sentences run consecutively rather than concurrently,[5] it clearly proceeded as though any credit due Crudup would be calculated by the BOP. Since the BOP does not have authority to impose an adjusted sentence pursuant to § 5G1.3(c), this court concludes that the judge's recommendation of "credit for the time that you have been in Federal custody" was a non-binding recommendation for the BOP to award credit, if appropriate, under

---

[5] The sentencing court explicitly recognized that Crudup's state sentence did not stem from the same incident which led to the federal prosecution. (See Doc. 10 at 14-15.) Thus, under § 5G1.3, consecutive sentences were appropriate.

7

18 U.S.C. 3585(b), rather than a mandatory directive that Crudup's sentence be adjusted pursuant to § 5G1.3(c).  See Bailey v. Nash, 134 F. App'x 503, 506 (3d Cir. 2003).  Moreover, importantly, to the extent that Crudup is seeking credit for the period he spent in federal custody pursuant to the federal writ of habeas corpus *ad prosequendum*, his claim is without merit.  See Ruggiano, 307 F.3d at 125 n.1 ("time spent in federal custody pursuant to a writ *ad prosequendum* is credited toward his state sentence, not his federal sentence.").  Consequently, the BOP did not err in its calculation of Crudup's federal sentence.  As a result, the petition for writ of habeas corpus will be denied.

     An appropriate order will issue.


                                           S/ Christopher C. Conner
                                        CHRISTOPHER C. CONNER
                                        United States District Judge


Dated:      June 28, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARIES D. CRUDUP,** | : | |
| | : | |
| Petitioner | : | **CIVIL NO. 1:CV-06-2329** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **TROY WILLIAMSON,** | : | |
| | : | |
| Respondent. | : | |

## **ORDER**

AND NOW, this 28th day of June, 2007, upon consideration of the petition for writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DENIED.

2. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge